# Exhibit 1

eFiled
4/1/2024 8:24:45 AM
Superior Court
of the District of Columbia

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Nick Snyder and David Coyne,
_____
Plaintiff

vs.

Washington Nationals Baseball Club LLC
_____
Defendant

Case Number  2024-CAB-001961

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Peter Romer-Friedman
_____
Name of Plaintiff's Attorney

1629 K Street NW, Suite 300, Washington, DC 20006
_____
Address

202-355-6364
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date  **April 2, 2024**

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____
                                    Demandante

            contra

                                        Número de Caso: _____

_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                            Por: _____
_____
Dirección                                            Subsecretario

_____
                            Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화하십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

eFiled
3/28/2024 12:51:41 PM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| NICK SNYDER and DAVID COYNE, on behalf of themselves and others similarly situated, | |
| | Case No. 2024 CA |
| *Plaintiffs' Counsel's Address:* *Peter Romer-Friedman Law PLLC* *1629 K Street NW, Suite 300* *Washington, DC 20006* | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| *Plaintiffs*, | |
| v. | **2024-CAB-001961** |
| WASHINGTON NATIONALS BASEBALL CLUB LLC, | |
| *Defendant's Address:* *Washington Nationals Baseball Club LLC* *Attn: Legal Department* *1500 S. Capitol Street SE* *Washington, DC 20003* | |
| *Defendant.* | |

Plaintiffs Nick Snyder and David Coyne ("Plaintiffs") respectfully submit this Class Action Complaint against the Washington Nationals Baseball Club, LLC ("Washington Nationals" or "Nationals") for violating the D.C. Human Rights Act's prohibition on age discrimination in places of public accommodations by denying persons 40 and older the opportunity to receive a 30% ticket discount for nearly all regular season games and a $5 to $15 per-ticket spending credit that the Washington Nationals have provided to 21- to 39-years-old fans through the team's "Millennial Ticket Discount" in 2023 and "Young Professionals Ticket Discount" in 2024. The Plaintiffs also bring claims under the D.C. Consumer Protection Procedures Act for the same unlawful, discriminatory conduct and for making material misrepresentations to consumers.

## INTRODUCTION

1.    Every spring, millions of baseball fans congregate in stadiums across America to witness the return of our national pastime. For as long as there's been baseball in America, people of all backgrounds have played, watched, and fallen in love with the sport. And perhaps more than any other sport in America, baseball has been intergenerational and age-inclusive. Each generation of fans, players, coaches, and broadcasters has endowed the next generation with its formative memories of triumph and heartbreak—Jackie Robinson wearing a Brooklyn Dodgers uniform for the first time, Hank Aaron breaking Babe Ruth's home run record, Nolan Ryan throwing his seventh no-hitter at the age of 44, Cal Ripken playing his 2,131st consecutive game, Bill Buckner's error in Game 6 of the 1986 World Series, or Curt Flood being blacklisted for seeking free agency.

2.    In light of baseball's intergenerational history, it was surprising and disappointing that in 2023 the Washington Nationals decided to discriminate against fans who are 40 or older and make it harder for older fans to attend the Nationals' games relative to younger fans.

3.    At the outset of the 2023 season, the Washington Nationals rolled out a "Millennial Ticket Discount" that offered a 30% discount on tickets and a $5 to $15 per-ticket spending credit for all regular season home games for fans who were 21 to 39 years old. At the same time, the Washington Nationals did not offer an equivalent discount for fans who were 40 or older. This year, during the 2024 season, the Washington Nationals are providing the same significant discount and spending credit for 21- to 39-year-olds. But the Washington Nationals have rebranded the deal as the "Young Professionals Ticket Discount". And just like last season, people 40 or older can't get the same discount or spending credit as 21- to 39-year-olds.

4.    Because of the Washington Nationals' "Millennial" or "Young Professionals Ticket Discount," a 39-year-old who earns $400,000 a year receives a 30% discount for the same exact seats for which a 55-year-old who earns $50,000 a year must pay full price. That makes absolutely

no sense. But more importantly, this policy is blatantly unlawful discrimination that advances an illicit stereotype that older fans are less worthy or in need of a discount than younger fans.

5.      The District of Columbia Human Rights Act ("DCHRA") is one of our nation's strongest civil rights laws. The DCHRA prohibits places of public accommodation like the Washington Nationals from discriminating against older customers based on their age. That means that the Washington Nationals cannot lawfully provide discounts for baseball tickets or ballpark spending credits to 21- to 39-year-olds without offering the same discount and credits to people who are 40 or older.

6.      In this action, the Plaintiffs, two older baseball fans who live in the D.C. Metro area, challenge the Washington Nationals' "Millennial" and "Young Professionals Ticket Discount" for 21- to 39-year-olds and seek to ensure that *all* fans, regardless of their age, have the same opportunity to participate in our national pastime in America's capital.

## PARTIES

7.      Plaintiff Nick Snyder is a 40-year-old baseball fan who lives in Maryland. During the past 12 months, Mr. Snyder purchased a non-discounted ticket from the Washington Nationals to visit the Nationals' Stadium in the District of Columbia during the 2024 season. Because of Mr. Snyder's age, he was ineligible to qualify for the Young Professionals Ticket Discount when he purchased a ticket for the 2024 season. Mr. Snyder plans to visit the Washington Nationals' Stadium during the 2024 season and in future seasons.

8.      David Coyne is a 58-year-old baseball fan who lives in Maryland. During the past 12 months, Mr. Coyne purchased non-discounted tickets from the Washington Nationals to visit the Nationals' Stadium in the District of Columbia during the 2023 season.  Because of Mr. Coyne's age, he was ineligible to qualify for the Millennial Ticket Discount during the 2023 season

or the Young Professionals Ticket Discount during the 2024 season. Mr. Coyne plans to visit the Washington Nationals' Stadium during the 2024 season and in future seasons.

9.     The Washington Nationals Baseball Club, LLC ("Washington Nationals") is the owner of the Washington Nationals professional baseball franchise and the operator of the Nationals' Stadium (collectively, "Washington Nationals" or "Nationals"). The Nationals are located in the District of Columbia at 1500 S. Capitol Street SE, Washington, DC 20003. The Washington Nationals have been a successful club since professional baseball returned to the District of Columbia in 2005. In 2019, the Nationals defeated the Houston Astros in the World Series, with a dynamic group of veteran players like Ryan Zimmerman, Max Scherzer, Stephen Strasburg, Howie Kendrick, and Sean Doolittle, and young stars like Juan Soto and Trea Turner. The Washington Nationals' valuation is $2 billion with annual revenue of around $350 million.[1]

## JURISDICTION

10.     This Court has subject-matter jurisdiction under D.C. Code § 11-921(a). Because the Plaintiffs claim to be aggrieved by the Washington Nationals' unlawful discriminatory practice during the past year, they may assert a cause of action under the D.C. Human Rights Act in this Court. *See* D.C. Code § 2-1403.16(a). And because the Plaintiffs are consumers who seek relief from the Washington Nationals' trade practice that violates a D.C. law, they may bring an action under the D.C. Consumer Protection Procedures Act in this Court. *See* D.C. Code § 28-3905(k)(1)-(2).

11.     This Court has personal jurisdiction over the Washington Nationals under D.C. Code § 13-422, because the Washington Nationals have their principal place of business in the

---

[1] MLB Valuations, # 16 Washington Nationals (2023), https://www.forbes.com/teams/washington-nationals/?sh=7ba0a52f4680; *see also* Chelsea Janes, *Still without a buyer, Nats enter the winter meetings in a familiar spot*, Wash. Post (Dec. 3, 2023) (stating that the owners of Nationals were offered $2 billion in 2022 to sell the team), https://www.washingtonpost.com/sports/2023/12/03/nats-sale-update-winter-meetings/.

District of Columbia and are organized under the laws of the District of Columbia. The Court also

has personal jurisdiction under D.C. Code § 13-423(a), because the Washington Nationals transact

business in the District of Columbia and the claims at issue in this case arise from sales to consumers

that took place in the District of Columbia.

## FACTUAL ALLEGATIONS

***The D.C. Human Rights Act makes it unlawful for places of public accommodation to discriminate against persons based on their age and other protected traits.***

12.     The District of Columbia Human Rights Act is one of the most protective civil

rights laws in the nation. The DCHRA proclaims that:

> Every individual shall have an equal opportunity to participate fully in the
> economic, cultural and intellectual life of the District and to have an equal
> opportunity to participate in all aspects of life, including, but not limited to, in
> employment, in places of public accommodation, resort or amusement, in
> educational institutions, in public service, and in housing and commercial space
> accommodations.

13.     In particular, the D.C. Human Rights Act makes it unlawful for places of public

accommodation to discriminate against persons based on their age, among other protected traits.

D.C. Code § 2-1402.31(a).

14.     The D.C. Human Rights Act prohibits places of public accommodation from

engaging in two primary forms of age discrimination: (1) denying the full and equal enjoyment of

any goods, services, facilities, privileges, advantages, or accommodations of a place of public

accommodations based on age; and (2) printing or posting a statement or advertisement that

indicates that a person will be denied the full and equal enjoyment of such services or advantages

of a place of public accommodations based on age. *See* D.C. Code § 2-1402.31(a)(1)-(2).

15.     The D.C. Human Rights Act defines "place of public accommodation" broadly to

mean "any person or place that provides, to a person in the District, access to an accommodation,

service, or good," including "any place where food is sold for consumption on the premises," "any

store, park or enclosure where spirituous or malt liquors are sold," "all stores where ice cream . . . or where beverages of any kind are retailed for consumption on the premises," and "establishments dealing with goods or services of any kind". D.C. Code § 2-1401.02(24). Thus, professional sports teams like the Washington Nationals that sell tickets, food, drinks, or merchandise to persons in the District of Columbia, and their stadiums, are places of public accommodations within the meaning of the D.C. Human Rights Act.

***The Washington Nationals offer a 30% discount and spending credit for 21- to 39-year-olds, but offer no equivalent discount for people 40 or older.***

16.     For many years, the Washington Nationals have provided significant discounts to different types of fans based on their statuses or activities that are *not* tied to fans' ages, such as discounts for servicemembers, first responders, and certain government employees.

17.     During the 2023 season, the Washington Nationals introduced a "Millennial Ticket Discount" that offered a 30% discount and $5 to $15 spending credit to 21- to 39-years-old fans.

18.     Under this "Millennial Ticket Discount," fans between the ages of 21 and 39 received "30% off face value" of tickets purchased for *all* regular season home games and received a spending credit between $5 and $15 per ticket for concessions and merchandise.

19.     During the 2023 season, however, the Washington Nationals did not provide an equivalent discount or spending credit to fans who were 40 or older or fans who were seniors.

20.     At the outset of the 2024 season, the Washington Nationals changed the name of the "Millennial Ticket Discount" to the "Young Professionals Ticket Discount," but have continued to provide the same 30% discount and merchandise credit between $5 and $15 per ticket to fans who are 21 to 39 years old for all regular season games except the home opener. And during the 2024 season, the Nationals have not offered an equivalent discount to fans who are 40 or older or fans who are seniors.

21.     Persons who were 40 or older could not qualify for the Millennial Ticket Discount in 2023 *solely* because of their age. And persons who are 40 or older cannot qualify for the Young Professionals Ticket Discount in 2024 *solely* because of their age.

***When marketing the "Millennial" or "Young Professionals Ticket Discount" the Nationals indicated that younger fans will receive better treatment than older fans and that older people will be denied full and equal enjoyment of the Nationals' services, advantages, and accommodations.***

22.     To encourage 21- to 39-year-olds to utilize the "Millennial" or "Young Professionals Ticket Discount," the Washington Nationals have prominently marketed this discount through the team's website.

23.     In 2023, the Washington Nationals' primary website for "Ticket Deals" prominently displayed the "Millennial Ticket Discount" and described how "**Millennials save up to 30%** on Nationals tickets all season long, and get a $5-$15 concession credit!" (emphasis in original). In 2024, the same Washington Nationals' "Ticket Deals" website has displayed the "Young Professionals Ticket Discount" and described how "Young professionals (ages 21-39) can save up to **30% off tickets and get a $5-15 concession credit**." (emphasis in original). The relevant portion of the "Ticket Deals" website in 2023 and 2024 looked like the following:

**2023**                    **2024**

24.     During the 2023 and 2024 seasons, the Washington Nationals hosted a website exclusively to market the Millennial Ticket Discount and the Young Professionals Ticket Discount. During both seasons, this website included the same picture of younger fans at the Nationals' Stadium and included a statement "Calling all millennials" or "Calling all young professionals! (ages 21 to 39)" to utilize the 30% Millennial Ticket Discount or Young Professionals Ticket Discount. The relevant portion of the website looks like this:

**2023**



**2024**



*By offering a 30% discount and a spending credit to 21- to 39-year-olds, but not to people 40 or older, and by publicizing that younger people will receive preferential treatment, the Washington Nationals violated the D.C. Human Rights Act.*

25.    By offering the Millennial or Young Professionals Ticket Discount to people 21 to 39 years old, but not providing an equivalent discount to people 40 or older, the Washington Nationals have denied the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of" the Nationals' place of public accommodation in violation of the D.C. Human Rights Act, D.C. Code § 2-1402.31(a)(1).

26.    The Washington Nationals' Millennial or Young Professionals Ticket Discount expressly denies to people 40 or older two types "goods, services, facilities, privileges, advantages, and accommodations of" the Nationals' place of public accommodation expressly because of their age. *First*, it provides significantly lower ticket prices to people 21 to 39 than to people 40 or older for the exact same Washington Nationals' tickets and gives 21- to 39-year-olds a 30% discount on tickets that people 40 or older do not receive because of their age. *Second*, it provides a spending credit for concessions and merchandize of $5 to $15 per ticket for people 21 to 39 years old, but this same credit is not provided to people 40 or older because of their age.

27.    Tickets to Washington Nationals' games are services, facilities, privileges, advantages, and accommodations of the Nationals' place of public accommodation. Likewise, the price of tickets and discount on tickets to Washington Nationals' games are privileges or advantages of the Nationals' place of public accommodation. A spending credit for concessions like food or drinks or for merchandise like shirts or hats is a good, service, facility, privilege, advantage, and accommodation of the Nationals' place of public accommodation.

28.    Furthermore, by publishing statements on the Washington Nationals' website about providing a 30% discount and a spending credit to people who are Millennials, Young Professionals, or 21 to 39 years old, and calling on such younger people to use the 30% discount

and spending credit, without concurrently stating that people 40 or older can receive a 30% discount or a spending credit based on their age or their age of 40 or over, the Washington Nationals expressly stated and indicated that younger people, ages 21 to 39, will receive discounts and spending credits that the Nationals do not provide to people 40 or older, and expressly stated and indicated that people 40 or older will be refused, withheld from, or denied "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations" of the Nationals' place of public accommodation in violation of the D.C. Human Rights Act, D.C. Code § 2-1402.31(a)(2).

29.    An ordinary reader who sees or reads the Washington Nationals' statements about its Millennial or Young Professionals Ticket Discount would believe that people who are Millennials, Young Professionals, or 21 to 39 years old *will* receive and *do* receive preferential treatment over people who are 40 or older with respect to the price of tickets to the Nationals' Stadium and spending credits and that people 40 or older will therefore be denied the "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations" of the Nationals' place of public accommodation.

***By violating the D.C. Human Rights Act in the context of a consumer transaction, the Washington Nationals have also violated the D.C. Consumer Protection Procedures Act.***

30.    The District of Columbia Consumer Protection Procedures Act protects consumers from deceptive and unlawful trade practices by merchants that operate in the District of Columbia.

31.    The D.C. Court of Appeals has interpreted the D.C. Consumer Protection Procedures Act to prohibit violations of any other District of Columbia statute in the context of a consumer transaction. Accordingly, when a merchant like the Washington Nationals violates the D.C. Human Rights Act in the context of a consumer transaction, it necessarily violates the D.C. Consumer Protection Procedures Act. *See District of Columbia v. Evolve, LLC*, 2020 D.C. Super.

LEXIS 6, at *12 (D.C. Super. Feb. 25, 2020) (agreeing with the position of the District of Columbia Attorney General).

32.    Plaintiffs Snyder and Coyne and other fans who have purchased tickets from the Washington Nationals are "consumers" within the meaning of the D.C. Consumer Protection Procedures Act, because they purchase or receive consumer goods or services and otherwise provide the economic demand for a trade practice. D.C. Code § 28-3901(a)(2). The Washington Nationals is a "merchant" within the meaning of the D.C. Consumer Protection Procedures Act, because in the ordinary course of business it sells or transfers consumer goods or services to consumers. D.C. Code § 28-3901(a)(3). Accordingly, when the Washington Nationals sell tickets to fans and otherwise provide them with goods or services, the Washington Nationals and fans who purchase Nationals tickets engage in consumer transactions.

33.    Because the Washington Nationals' have violated the D.C. Human Right Act in the context of a consumer transaction through its Millennial Ticket Discount and Young Professionals Ticket Discount and related statements about the deal, the Washington Nationals have also violated the D.C. Consumer Protection Procedures Act.

***By stating that "Millennials" will get a 30% discount but refusing to give that discount to Millennials who are 40 or older, the Nationals made material misrepresentations that violate the D.C. Consumer Protection Procedures Act.***

34.    The D.C. Consumer Protection Procedures Act prohibits merchants form misrepresenting a material fact that has a tendency to mislead or to represent that a transaction confers or involves rights, remedies, or obligations that it does not have or involve. D.C. Code § 28-3904(e), (e-1).

35.    "Millennials typically are defined as being born between 1981 and 1996." Mike Schneider, *Sorry, boomers: millennials and younger are new US majority*, AP (Aug. 3, 2020), https://apnews.com/article/seniors-baby-boomers-millennials-featured-u-s-news-

757359e85c4d9f555469848b21df3ab4. Therefore, in 2023 a person who was born in 1981 would be 42, a person born in 1982 would be 41, and a person born in 1983 would be 40.

36.    Although in 2023 the Washington Nationals marketed the "Millennial Ticket Discount" as a 30% discount and spending credit that was available to Millennials, the Washington Nationals did not actually provide that discount or credit to *all* Millennials. Instead, the Washington Nationals only offered that discount and spending credit to Millennials who were 21 to 39 years old and did not offer it to Millennials who were 40, 41, or 42 years old.

37.    As described above, the Washington Nationals' website for "Ticket Deals" stated that "Millennials save up to 30% on Nationals tickets all season long, and get a $5-15 concession credit!" And its website for the Millennial Ticket Discount stated, "Calling *all* millennials! The Nationals have a special offer to help *you* save on tickets all season long!" (emphasis added).

38.    But in 2023, people who were 40, 41, and 42 years old *were Millennials*, but none of those Millennials could receive the Washington Nationals' "Millennial Ticket Discount". As such, the Washington Nationals' misrepresented a material fact—that Millennials would receive the 30% ticket discount and a $5 to $15 per-ticket spending credit, and the Washington Nationals represented that its ticketing would confer rights on Millennials—the same discount and spending credit—that the transaction did not actually have or involve.

39.    For example, during most of the 2023 season Plaintiff Snyder was 40 years old. And despite the fact that he is a Millennial, he could not receive the Millennial Ticket Discount.

***Plaintiffs Snyder and Coyne have been denied equal treatment by the Washington Nationals and suffered both economic and stigmatic harm.***

40.    During the past 12 months, Plaintiffs Snyder and Coyne each purchased one or more non-discounted tickets from the Washington Nationals for a regular season game for which the Washington Nationals offered the same tickets at a 30% discount and with a $5 to $15 per-ticket spending credit for people 21 to 39 years old through the Millennial or Young Professionals Ticket Discount.

41.    As a result, Plaintiffs Snyder and Coyne have each been denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Washington Nationals' place of public accommodation based on their age.

42.    In addition, during the past 12 months Plaintiffs Snyder and Coyne have read the Washington Nationals' statements (described above) that expressly stated and indicated that the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Washington Nationals' place of public accommodation will be denied to people 40 or older because of their age.

43.    If the Washington Nationals had offered people 40 or older the same 30% discount and $5 to $15 per-ticket spending credit that they gave people 21 to 39 years old during the past 12 months through the Millennial or Young Professionals Ticket Discount, Plaintiffs Snyder and Coyne would have obtained a 30% discount and spending credit when they purchased tickets from the Washington Nationals.

44.    Because Plaintiffs Snyder and Coyne could not qualify for the "Millennial Ticket Discount," the "Young Professionals Ticket Discount," or another equivalent 30% discount or spending credit during the past 12 months, they paid significantly more for the same tickets as similarly situated 21- to 39-year-old fans who purchased tickets during the past 12 months and

utilized the Millennial or Young Professionals Ticket Discount. As such, Plaintiffs Snyder and Coyne have suffered economic harm from the Washington Nationals' discrimination against people 40 or older in a place of public accommodations.

45.    In addition, Plaintiffs Snyder and Coyne suffered stigmatic harm from the Washington Nationals' classification and discrimination against them because of their age.

46.    Plaintiffs Snyder and Coyne plan to purchase tickets from the Washington Nationals in the future.

## CLASS ALLEGATIONS

47.    The named Plaintiffs bring this action as a proposed action under Rule 23 of the D.C. Superior Court Rules of Civil Procedure on behalf of the following class:

> All persons who (1) have purchased a ticket to a Washington Nationals home baseball game from the Washington Nationals for the 2023 season, the 2024 season, or a later season through judgment in this action, who did not receive a discount of 30% or greater off the price of that ticket or a spending credit between $5 and $15 for that ticket, and who were at least 40 years old when that ticket was purchased, or (2) who were at least 40 years old and did not purchase at least one ticket to a Washington Nationals home baseball game from the Washington Nationals for the 2023 season, the 2024 season, or a later season through judgment in this action due to the lack of a 30% discount or spending credits or the Washington Nationals' statements regarding the Millennial or Young Professionals Ticket Discount.

**The proposed class satisfies the requirements of Rule 23(a).**

48.    The Class members are so numerous that joinder of all members is impracticable. There are at least tens of thousands of members of the Class and likely to be hundreds of thousands of members of the Class.

49.    There are questions of law and fact common to the Class Members, including:

A.    Whether the Nationals provided a 30% ticket discount and spending credits of $5 to $15 per ticket to people who were 21 to 39 years old, but did not provide an equivalent discount or credit to people who were 40 or older;

B.    Whether the Millennial or Young Professionals Ticket Discount violated the D.C. Human Rights Act's prohibition on denying the full and equal enjoyment

      of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation based on age;

C.   Whether the Millennial or Young Professionals Ticket Discount violated the D.C. Human Rights Act's prohibition on publishing statements that indicate that a place of public accommodation will deny the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation based on age;

D.   Whether the Washington Nationals' conduct violates the D.C. Consumer Protection Procedures Act;

E.   What injunctive and declaratory relief are warranted regarding the Washington Nationals' conduct;

F.   What types of damages are warranted; and

G.   What attorneys' fees and costs are warranted.

50.     The named Plaintiffs' claims are typical of the claims of the Class they seek to represent, because they are people 40 or older who were denied discounts that were provided by the Washington Nationals to people 21 to 39 years old based on their age, because the Plaintiffs' claims arise from the same pattern or practice of conduct that forms the basis of the Class Members' claims, and because they bring the same legal claims as the Class Members based on the same legal theory.

51.     There is no antagonism between the interests of the Plaintiffs and those of the Class Members, and the Plaintiffs will fairly and adequately represent the Class. There is no conflict between the Plaintiffs' claims and those of the Class Members. The Plaintiffs have retained counsel skilled in complex civil rights and consumer class actions who will vigorously prosecute this litigation.

**Rule 23(b)(3) certification is appropriate.**

52.    Class certification is appropriate for the proposed Class under Rule 23(b)(3). The common questions of fact and law identified above predominate over any questions affecting only individual Class Members, including whether the Nationals' Millennial or Young Professionals Ticket Discount and related statements violated the D.C. Human Rights Act and the D.C. Consumer Protection Procedures Act.

53.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. First, the Class Members do not have an interest in individually controlling the prosecution of separate actions, because their individual damages are unlikely to be large enough to warrant pursuing individual litigation in court or to obtain counsel to pursue an individual action, and because the cost of litigating the action will far exceed any potential benefit for individual Class Members. The prosecution of separate actions by individual Class Members would also impose heavy burdens upon the courts and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the proposed Classes, including the key legal questions of whether the Nationals' Millennial or Young Professionals Ticket Discount and related statements violate the D.C. Human Rights Act and the D.C. Consumer Protection Procedures Act.

54.    A class action, on the other hand, would achieve substantial economies of time, effort, and expense, and would assure the uniformity of decision with respect to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results.

55.    In addition, to date there has not been any litigation by the Class Members regarding the practice challenged in this action.

56.    Finally, there will be no difficulties in managing this case as a class action.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**D.C. Human Rights Act**
**D.C. Code § 2-1402.31(a)(1)**

57.    Plaintiffs incorporate by reference and reallege all previous paragraphs.

58.    The Plaintiffs, on behalf of themselves and the proposed Class, bring this Count under the D.C. Human Rights Act, D.C. Code § 2-1402.31(a)(1) against the Washington Nationals.

59.    The D.C. Human Rights Act provides that "It shall be an unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based on the actual or perceived . . . age . . . [t]o deny, directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations". D.C. Code § 2-1402.31(a)(1).

60.    The Washington Nationals and the Nationals' Stadium are places of public accommodation within the meaning of the D.C. Human Rights Act, because they are a "person or place that provides, to a person in the District, access to an accommodation, service, or good". D.C. Code § 2-1401.02(24). The Washington Nationals sell food, ice cream, beverages, beer, and liquor on the premises of the Nationals' Stadium, as well as merchandise and other goods and a range of services, such as dining and entertainment.

61.    Tickets to Washington Nationals' games are services, facilities, privileges, advantages, and accommodations of the Nationals' place of public accommodation. Likewise, a discount on tickets to Nationals' games are privileges and advantages of the Nationals' place of public accommodation. A spending credit for concessions (such as food and drinks) and merchandise (such as shirts and hats) is a good, service, facility, privilege, advantage, and accommodation of the Nationals' place of public accommodation.

62.     The Washington Nationals violated D.C. Code § 2-1402.31(a)(1) by denying people 40 and older the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Washington Nationals' place of public accommodations, when it provided people 21 to 39 years old a Millennial Ticket Discount in 2023 and a Young Professionals Ticket Discount in 2024, including a 30% discount on tickets and a spending credits of $5 to $15 per ticket, while not providing an equivalent discount or spending credits to people 40 and older like the Plaintiffs and other members of the proposed Class.

63.     The Nationals' Millennial or Young Professionals Ticket Discount expressly denies to people 40 and older two types "goods, services, facilities, privileges, advantages, and accommodations of" the Nationals' place of public accommodation solely because of their age. *First*, it provides significantly lower ticket prices to people 21 to 39 than to people 40 or older for the same exact Nationals' tickets by giving people 21 to 39 years old a 30% discount on tickets that people 40 or older do not receive because of their age. *Second*, it provides a spending credit for concessions and merchandize of $5 to $15 per ticket *only* for people 21 to 39 years old, but this same credit is not provided to people 40 or older because of their age.

64.     This age-based denial of goods, services, facilities, privileges, advantages, and accommodations to people who are 40 or older in a place of public accommodation violates the D.C. Human Rights Act, D.C. Code § 2-1402.31(a)(1), because it classifies older people based on their age, because it facially and intentionally discriminates against older people based on their age, and because it advances and acts upon a stereotype that people 40 or older have more income than people under 40 and are less worthy or in need of a discount.

65.     The Plaintiffs have a private right of action under D.C. Code § 2-1403.16, because they claim they have been aggrieved by the Washington Nationals' unlawful discriminatory practices that violate D.C. Code § 2-1402.31(a)(1).

66.    The Washington Nationals' denial of its goods, services, facilities, privileges, advantages, and accommodations to older people in its place of public accommodation has caused economic harm and stigmatic harm to the Plaintiffs and other members of the Class.

67.    The Plaintiffs seek damages for themselves and members of the proposed Class, including compensatory damages, civil penalties, and punitive damages, as well as declaratory and injunctive relief to stop the Washington Nationals' ongoing violations.

68.    The Plaintiffs seek attorneys' fees and costs related to this claim and lawsuit.

**SECOND CAUSE OF ACTION**
**D.C. Human Rights Act**
**D.C. Code § 2-1402.31(a)(2)**

69.    Plaintiffs incorporate by reference and reallege all previous paragraphs.

70.    The Plaintiffs, on behalf of themselves and the proposed Class, bring this Count under the D.C. Human Rights Act, D.C. Code § 2-1402.31(a)(2), against the Washington Nationals.

71.    The D.C. Human Rights Act provides that "It shall be an unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based on the actual or perceived . . . age . . . (2) To print, circulate, post, or mail, or otherwise cause, directly or indirectly, to be published a statement, advertisement, or sign which indicates that the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation will be unlawfully refused, withheld from or denied an individual". D.C. Code § 2-1402.31(a)(2).

72.    As described above, the Washington Nationals and the Nationals' Stadium are places of public accommodation within the meaning of the D.C. Human Rights Act.

73.    The Washington Nationals have published statements and advertisements on their website regarding the Millennial Ticket Discount and the Young Professionals Ticket Discount

that expressly stated and indicated that the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Nationals' place of public accommodation will be unlawfully refused, withheld from, or denied to people 40 or older because of their age.

74.     In particular, by publishing statements on the Nationals' website about providing a 30% discount and spending credits to people who are Millennials, Young Professionals, and/or 21 to 39 years old, and calling on such younger people to use the 30% discount, without concurrently stating that people 40 or older can receive a 30% discount or a spending credit based on their age or their generation, the Nationals expressly stated and indicated that younger people, ages 21 to 39, will receive discounts and spending credits that the Nationals do not provide to people 40 or older, and expressly stated or indicated that people 40 or older will be refused, withheld from, or denied "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations" of the Nationals' place of public accommodation in violation of the D.C. Human Rights Act, D.C. Code § 2-1402.31(a)(1).

75.     An ordinary reader who sees or reads the Washington Nationals' statements about the Millennial or Young Professionals Ticket Discount would believe that people who are Millennials, Young Professionals, and/or 21 to 39 years old will receive preferential treatment over people who are 40 or older with respect to the price of tickets to the Nationals' Stadium and spending credit and that people 40 or older will therefore be denied the "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations" of the Nationals' place of public accommodation.

76.     The Washington Nationals' statements and advertisements regarding the Millennial Ticket Discount and the Young Professionals Ticket Discount have caused stigmatic harm towards the Plaintiffs and other people 40 or older and discouraged some members of the proposed Class from purchasing tickets to the Nationals' Stadium.

77. The Plaintiffs seek damages for themselves and members of the proposed Class, including compensatory damages, civil penalties, and punitive damages, as well as declaratory and injunctive relief to stop the Washington Nationals' ongoing violations.

78. The Plaintiffs seek attorneys' fees and costs related to this claim and lawsuit.

## THIRD CAUSE OF ACTION
### D.C. Consumer Protection Procedures Act
### D.C. Code §§ 28-3904

79. Plaintiffs incorporate by reference and reallege all previous paragraphs.

80. The Plaintiffs, on behalf of themselves and the proposed Class, bring this Count under the D.C. Consumer Protection Procedures Act, D.C. Code § 28-3904, against the Washington Nationals.

81. The Washington Nationals is a "person" within the meaning of D.C. Code § 28-3901(a)(1), is a "merchant" under D.C. Code § 28-3901(3), and provides "goods and services" within the meaning of D.C. Code § 28-3901(a)(7). The Washington Nationals is a "merchant" because in the ordinary course of business it sells or transfers consumer goods or services to consumers, including the services and goods it provides at the Nationals' Stadium *Id.* § 28-3901(a)(3).

82. The Plaintiffs are "persons" within the meaning of D.C. Code § 28-3901(1).

83. Plaintiffs Snyder and Coyne and the members of the proposed Class are "consumers" within the meaning of D.C. Code § 28-3901(2), because they purchased or received consumer goods or services from the Washington Nationals and otherwise provide the economic demand for the Washington Nationals' trade practice. *See* D.C. Code § 28-3901(a)(2).

84. When the Washington Nationals sell tickets to fans and otherwise provide them with goods and services at the Nationals' Stadium, the Nationals and its fans engage in consumer transactions.

85.     D.C. Code § 28-3904 makes it an "unlawful trade practice" to, *inter alia*, "misrepresent as to a material fact which has a tendency to mislead," *id*. § 28-3904(e), "[r]epresent that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law," *id*. § 28-3904(e-1), and to violate other District of Columbia laws, such as the D.C. Human Rights Act, in the context of a consumer transaction.

86.     The D.C. Consumer Protection Procedures Act makes such conduct an unlawful trade practice "whether or not any consumer is in fact misled, deceived, or damaged thereby." D.C. Code § 28-3904.

87.     The Washington Nationals have violated the D.C. Consumer Protection Procedures Act in several ways.

88.     First, as described above and in Counts I and II, the Washington Nationals have violated the D.C. Human Rights Act by denying people 40 or older the full and equal enjoyment of the Nationals' goods, services, facilities, privileges, advantages, and accommodations in a place of public accommodation based on their age and by making statements that indicate that people 40 or older will be denied such services in a place of public accommodation because of their age. Because the Washington Nationals have violated the D.C. Human Rights Act in the context of a consumer transaction, the Washington Nationals have also violated the D.C. Consumer Protection Procedures Act.

89.     Second, by representing that Millennials would receive the "Millennial Ticket Discount" but refusing to provide the discount to Millennials who were 40, 41, or 42 during the 2023 season—like Plaintiff Snyder, who was 40 during most of the 2023 season—the Washington Nationals misrepresented a material fact that has a tendency to mislead in violation of D.C. Code § 28-3904(e) and the Washington Nationals represented that its ticketing transactions confer or

involve rights that they do not have or involve in violation in violation of D.C. Code § 28-3904(e-1).

90.     Third, when describing the "Millennial" or "Young Professionals Ticket Discount," the Washington Nationals represented that its ticket transactions would involve rights, remedies, or obligations that are *prohibited by law* in violation of D.C. Code § 28-3904(e-1), because the Washington Nationals stated that they would provide a discount and spending credit to 21- to 39-year-olds (but not to people 40 or older) that violates the D.C. Human Rights Act.

91.     The D.C. Consumer Protection Procedures Act provides that "[a] consumer may bring an action seeking relief from the use of a trade practice in violation of a law of the District." D.C. Code § 28-3905(k)(1)(A).

92.     Plaintiffs Snyder and Coyne bring this claim on behalf of themselves and the proposed Class.

93.     As a direct and proximate result of the Washington Nationals' conduct and violations of the D.C. Consumer Protection Procedures Act, the Plaintiffs and the members of the Class have suffered injuries and monetary damages described herein, and they seek treble damages or $1,500 per violation, whichever is greater, punitive damages, and an injunction against the use of the Washington Nationals' unlawful trade practice.

94.     The Plaintiffs seek attorneys' fees and costs related to this claim and lawsuit.

**JURY TRIAL DEMANDED**

The Plaintiffs hereby demand a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant, and in favor of Plaintiffs and

the proposed Class, and grant the following relief:

A.  Declaring that Washington Nationals' conduct violates the D.C. Human Rights Act and the D.C. Consumer Protection Procedures Act;

B.  Enjoining the Washington Nationals' conduct found to be in violation of the D.C. Human Rights Act and the D.C. Consumer Protection Procedures Act;

C.  Awarding the Plaintiffs restitution, treble damages, or statutory damages in the amount of $1,500 per violation of the D.C. Consumer Protection Procedures Act, whichever is greatest.

D.  Awarding Plaintiffs damages for the Washington Nationals' violations of the D.C. Human Rights Act and the D.C. Consumer Protection Procedures Act;

E.  Granting Plaintiffs their costs of prosecuting this action, including attorneys' fees, experts' fees and litigation costs together with interest; and

F.  Granting such other relief as this Court may deem just and proper.

March 28, 2024                                             Respectfully submitted,

*/s/ Peter Romer-Friedman*
Peter Romer-Friedman (D.C. Bar No. 993376)          Ryan Allen Hancock (*pro hac forthcoming*)
PETER ROMER-FRIEDMAN LAW PLLC               WILLIG WILLIAMS DAVIDSON
1629 K Street NW, Suite 300                               1845 Walnut Street, 24th Floor
Washington, DC 20006                                     Philadelphia, PA 19103
(202) 355-6364                                             (215) 656-3600
peter@prf-law.com                                        rhancock@wwdlaw.com

*Counsel for the Plaintiffs and the Proposed Class*

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

_____
Plaintiff(s)

vs

_____
Defendant(s)

Case Number: _____

Date: _____

One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* | Relationship to Lawsuit |
|---|---|
| Firm Name: | Attorney for Plaintiff |
| | Self (Pro Se) |
| Telephone No.:          DC Bar No.: | Other: _____ |

TYPE OF CASE:          Non-Jury                    6 Person Jury                    12 Person Jury

Demand: $_____          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____          Judge: _____          Calendar #:_____

Case No.:_____          Judge: _____          Calendar #:_____

---

NATURE OF SUIT:          *(Check One Box Only)*

**CONTRACT**

Breach of Contract
Breach of Warranty
Condo/Homeowner Assn. Fees
Contract Enforcement
Negotiable Instrument

**COLLECTION/INS. SUB**

Debt Collection
Insurance Subrogation
Motion/Application for Judgment by Confession
Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**

Breach of Contract
Discrimination
Wage Claim
Whistle Blower
Wrongful Termination

---

**REAL PROPERTY**

Condo/Homeowner Assn. Foreclosure          Ejectment          Other
Declaratory Judgment          Eminent Domain          Quiet Title
Drug Related Nuisance Abatement          Interpleader          Specific Performance

**FRIENDLY SUIT**

**HOUSING CODE REGULATIONS**

**QUI TAM**

**STRUCTURED SETTLEMENTS**

---

**ADMINISTRATIVE PROCEEDINGS**

Administrative Search Warrant
App. for Entry of Jgt. Defaulted Compensation Benefits
Enter Administrative Order as Judgment
Libel of Information
Master Meter
Petition Other

Release Mechanics Lien
Request for Subpoena

**MALPRACTICE**

Medical – Other
Wrongful Death

**AGENCY APPEAL**

Dangerous Animal Determination
DCPS Residency Appeal
Merit Personnel Act (OEA)
Merit Personnel Act (OHR)
Other Agency Appeal

**APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**

Currency

Other

Real Property

Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**

Birth Certificate Amendment

Death Certificate Amendment

Gender Amendment

Name Change

**TORT**

Abuse of Process

Assault/Battery

Conversion

False Arrest/Malicious Prosecution

Libel/Slander/Defamation

Personal Injury

Toxic Mass

Wrongful Death (Non-Medical Malpractice)

---

**GENERAL CIVIL**

Accounting

Deceit (Misrepresentation)

Fraud

Invasion of Privacy

Lead Paint

Legal Malpractice

Motion/Application Regarding Arbitration Award

Other - General Civil

Product Liability

Request for Liquidation

Writ of Replevin

Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**

Asbestos

**MORTGAGE FORECLOSURE**

Non-Residential

Residential

**STATUTORY CLAIM**

Anti – SLAPP

Consumer Protection Act

Exploitation of Vulnerable Adult

Freedom of Information Act (FOIA)

Other

**TAX SALE FORECLOSURE**

Tax Sale Annual

Tax Sale Bid Off

---

**VEHICLE**

Personal Injury

Property Damage

**TRAFFIC ADJUDICATION APPEAL**

**REQUEST FOR FOREIGN JUDGMENT**

_____         _____

Filer/Attorney's Signature                                                    Date

CV-496/February 2023



**Superior Court of the District of Columbia**
**Civil - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**(202) 879-1133 | www.dccourts.gov**

**Case Number:** 2024-CAB-001961

**Case Style:** Nick Snyder et al. v. Washington Nationals Baseball Club LLC

### INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 07/19/2024 | 9:30 AM | Remote Courtroom 517 |

**Please see attached instructions for remote participation.**

Your case is assigned to Associate Judge Shana Frost Matini.

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated below, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

**To Join by Computer, Tablet, or Smartphone:**

1)  Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

    Link: dccourts.webex.com/meet/ctb517

    Meeting ID: 129 911 6415

2)  When you are ready, click "Join Meeting".
3)  You will be placed in the lobby until the courtroom clerk gives you access to the hearing.


**Or to Join by Phone:**

1)  Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2)  Enter the Webex Meeting ID listed above followed by "##"


**Resources and Contact Information:**

1)  For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2)  For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3)  For case questions, call the Civil Actions Branch Clerk's Office at (202) 879-1133.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov . The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:**

የዲ.ሲ. ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩትን የጸሀፊ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ፡

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.



## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

📞 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

     Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings
### (Click here for more information)



- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.





# District of Columbia Courts

# Tips for Using DC Courts Remote

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings.  The Courts are committed to enhancing access to justice for all.

There are six remote access sites throughout the community which will operate: **Monday – Friday, 8:30 am – 4:00 pm.**

### The remote site locations are:



| | |
|---|---|
| **Remote Site - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Remote Site - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| **Remote Site - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Remote Site - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Remote Site - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Remote Site - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*** No walk-ins at this location*** |

If you want to use a remote site location for your hearing, call **202-879-1900** or email DCCourtsRemoteSites@dcsc.gov **at least 24 hours before your hearing to reserve a remote access computer station**.  If you require special accommodations such as an interpreter for your hearing, please call **202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements**.

**\*You should bring the following items when you come to your scheduled site location\***

1. Your **case number** and any **hyperlinks** provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

**\*Safety and security measures are in place at the remote sites.**

**Contact information to schedule your remote access computer station:**
Call:  **202-879-1900**
Email:  DCCourtsRemoteSites@dcsc.gov




# Tribunales del Distrito de Columbia
## Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay seis sitios de acceso remoto que funcionarán de l**unes a viernes, de 8:30 am a 4:00 pm**.

### Los centros de acceso remoto son:

**Sitio Remoto - 1**
Balance and Restorative Justice Center
1215 South Capitol Street, SW
Washington, DC 20003

**Sitio Remoto - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020

**Sitio Remoto - 3**
Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002

**Sitio Remoto - 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**Sitio Remoto - 5**
Reeves Center
2000 14th Street, NW, 2nd Floor
Community Room
Washington, DC 20009

**Sitio Remoto - 6**
Reeves Center
2000 14th Street, NW, Suite 300N
Office of the Tenant Advocate
Washington, DC 20009
*No se puede entrar sin cita previa*



Si desea usar un sitio remoto para su audiencia, llame al **202-879-1900** o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov **al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto. Si** necesita adaptaciones especiales, como un intérprete para la audiencia, llame **al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.**

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***

1. Su **número de caso** y todos los **hipervínculos** que le hayan proporcionado los Tribunales para la audiencia programada.

2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.

3. Materiales para tomar nota, como papel y lápiz.

**\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.**

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: **202-879-1900**
Correo electrónico: DCCourtsRemoteSites@dcsc.gov