UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICK SNYDER, et al.,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>WASHINGTON NATIONALS BASEBALL CLUB, LLC,<br><br>    *Defendant*. | Civil Action No. 1:24-cv-01182 (CJN) |

**FINAL APPROVAL ORDER**

This matter came before the Court upon Plaintiffs' Motion for Final Approval of Class Action Settlement.

In accordance with this Court's Preliminary Approval Order and subsequent modifications, ECF Nos. 27, 28, & 29, Notice was provided to the Settlement Class as specified in the Preliminary Approval Order and the Court held a Final Approval Hearing on September 10, 2025. After consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement and its exhibits, and Plaintiffs' Motion for an Award of Attorneys' Fees and Costs and its exhibits, and based upon the relevant papers and all prior proceedings in this matter, in the absence of any objection or request for exclusion by any Settlement Class Members to the proposed Settlement Agreement, and for the reasons set forth on the record at the Fairness Hearing, the Court has determined the proposed Settlement Agreement satisfies the criteria of Rule 23(e) of the Federal Rules of Civil Procedure and that the proposed Settlement is fair, reasonable, and adequate.

**IT IS HEREBY ORDERED THAT:**

1.    This Order (the "Final Approval Order") incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms shall have the same meanings set forth in

1

the Settlement Agreement. The Settlement Agreement was preliminarily approved by the Court's Preliminary Approval Orders, ECF Nos. 27, 28 & 29.

2. The terms of this Court's Preliminary Approval Orders are incorporated by reference in this Order.

3. The Court has jurisdiction over the subject matter of the lawsuit, the Parties, and all members of the Settlement Class.

4. Class Counsel adequately represented the Settlement Class in this litigation and for the purpose of entering into and implementing the Settlement Agreement.

**Class Certified Under Federal Rules of Civil Procedure 23(b)(a) and (b)(3)**

5. This Court has certified the Class in its Preliminary Order of Approval and Settlement. The classes have been certified under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

**Settlement Agreement is Fair, Adequate, and Reasonable**

6. The Court hereby finds that the Settlement Agreement (including its exhibits and attachments) and the settlement contemplated thereby are the product of arm's length, good faith settlement negotiations between Plaintiffs and the Defendant.

7. The Settlement Agreement, ECF No. 25-1, and the settlement set forth herein are hereby approved and found to be fair, adequate, and reasonable, in the best interests of the Class as a whole, and in satisfaction of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

8. The Court finds that the relief provided to the Settlement Class is adequate, taking into account the (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-

member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).  In particular, the Settlement Agreement provides Class Members the opportunity to receive Ticket Credit of at least 200% of their actual damages or cash payments of at least 62.2% of their actual damages.  This relief constitutes an excellent recovery for the Settlement Class Members, particularly given the risks that the Settlement Class Members would face in the absence of this Settlement.  Moreover, none of the Settlement Fund will revert to the Defendant, and attorneys' fees and costs will be paid separately from the Settlement Fund.

9. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class substantially in accordance with the terms set forth in the Settlement Agreement and this Court's Preliminary Approval Order.  The Court further finds and concludes that the notice satisfied Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, was the best notice practicable under the circumstances, and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated by the Settlement Agreement and this Order.

10. The Court hereby finally approves the Settlement Agreement and the settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement in accordance with Rule 23 of the Federal Rules of Civil Procedure and directs consummation of the settlement pursuant to the terms and conditions of the Settlement Agreement.

11. The fairness and adequacy of the Settlement is reflected in the lack of objection to the Settlement by any Settlement Class Member.

12. The potential Class Members were provided Notice by: (a) email and/or direct mail; and (b) publishing it on https://natsdiscountticketsettlement.com/ and www.mlb.com/nationals.

13. The Notice given to the Settlement Class is hereby determined to be in substantial compliance with both requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Notice given is further found to be the best notice practicable under the circumstances and therefore, constitutes reasonable, due and sufficient notice to all parties.

14. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to the Settlement Class to participate in the hearing, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order.

### Class Counsel

15. The Court previously appointed Peter Romer Friedman Law PLLC and Willig Williams & Davidson as Class Counsel for the Settlement Class, and the Court now finds that Class Counsel adequately represented the class.

### Final Approval of the Settlement

16. The Court incorporates herein by reference and ratifies its prior orders preliminarily approving the settlement, ECF Nos. 27, 28 & 29.

17. The Court finally approves the Settlement Class Definition as follows:

> [A]ll persons who made at least one Covered Ticket Purchase, i.e., a single-game ticket to a Nationals home baseball game that was scheduled to occur during the 2023 or 2024 Major League Baseball regular season; where the purchase was made directly from the Nationals on the Nationals or MLB.com websites, by phone, or at the Nationals' box office between March 29, 2023 and March 28, 2024; where the purchaser was 40 years of age or older at the time of ticket purchase; where the purchase was for an Eligible Seat; where the purchaser suffered Actual Damages due to not having access to the "Millennial" or "Young Professional" discount with respect to their purchase; and where the purchaser would have been eligible for the "Millennial" or "Young Professional" discount with respect to their purchase but for their age.

18. The were no objections to the Settlement, and no member of the Settlement Class requested to be excluded from the Settlement.

19. The Court finally appoints Plaintiffs Nick Snyder and David Coyne as the Class Representatives of the Settlement Class, for purposes of settlement.

20. The Court finally appoints Peter Romer Friedman Law PLLC and Willig Williams & Davidson as Class Counsel for the Settlement Class, for the purposes of settlement.

21. The Court approves the Class Representative Service Awards in the amount of $5,000 to Plaintiff Nick Snyder and $5,000 to Plaintiff David Coyne in recognition of their service to the Settlement Class.

22. The Court approves the distribution of payments to the Settlement Class Members outlined in the Settlement Agreement and concludes that the plan of distribution is fair, adequate, and reasonable and treats the Settlement Class members equitably.

23. This Order constitutes final approval of the Settlement Agreement. Upon its Effective Date, this Settlement Agreement is binding on the Parties and on all members of the Settlement Class. By operation of the Settlement Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Settlement Agreement or those non-waivable by law, Plaintiffs and Settlement Class Members hereby irrevocably and unconditionally forever, finally, and fully release Defendant and all Released Parties from any and all Released Claims in accordance with the terms of the Settlement Agreement. Plaintiff and Settlement Class Members are forever barred from asserting any claims released by them in this Settlement, and from commencing, joining in, or prosecuting a lawsuit or adversarial proceeding against Defendant or any of the Released Parties, based on claims released by them in this Settlement, including as a class member.

24. The Settlement Agreement shall be administered in accordance with its terms. Without affecting the finality of this judgment, the Court retains jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith.

25. The Settlement Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in the Settlement Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Parties, of any fault or wrongdoing whatsoever.

26. Class Counsel have requested attorneys' fees of $625,941.36 and costs of $14,058.64. The Court grants that request and orders that, pursuant to the terms of the Settlement Agreement, fees and costs shall be paid by the Nationals to Class Counsel separate from and in addition to the Settlement Fund in the Settlement.

27. This Final Approval Order and the Settlement Agreement are binding on Plaintiffs and Settlement Class Members.

For good cause shown, this Civil Action is **DISMISSED IN ITS ENTIRETY, ON THE MERITS, AND WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, without costs to any party except to the extent otherwise expressly provided in the Settlement Agreement.

**SO ORDERED**.

DATE: September 12, 2025

_____
CARL J. NICHOLS
United States District Judge